IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 20-10028-22-EFM

EDDIE WASHINGTON,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Eddie Washington's Motion for Compassionate Release (Doc. 994). He seeks release from prison due to health issues. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court grants Defendant's motion.

**I.    Factual and Procedural Background**

On February 17, 2022, Defendant waived indictment and pleaded guilty to one count of the Information, distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). On June 6, 2022, Defendant was sentenced to 37 months' imprisonment. Defendant is 64 years old, currently incarcerated at Springfield MCFP, and his projected release date is March 23, 2025.

On December 8, 2023, Defendant filed a motion for compassionate release. He states that his prison sentence should be reduced because he is suffering from medical conditions, primarily

kidney disease.  The government opposes his motion and contends that Defendant's medical conditions are being appropriately treated.

## II.     Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met.  First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[2]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[3]  This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[4]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[3] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[4] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

addressing all three factors.[5] If, however, the Court grants the motion, the Court must address all steps.[6]

### III.     Analysis

Defendant seeks compassionate release due to his medical conditions. He states that he suffers from end stage renal failure, which is a terminal illness. And he contends that his condition substantially diminishes his ability to provide self-care. The government asserts that Defendant is not an appropriate candidate for a sentence reduction.

**A.     Exhaustion**

Defendant submitted a compassionate release request to the Warden of his facility on February 28, 2023. The Warden denied his request on April 18, 2023. The government concedes that Defendant meets the exhaustion requirement. Thus, the Court finds that Defendant has satisfied the exhaustion requirement in § 3582(c) and will proceed to determine the merits of Defendant's motion.[7]

**B.     Extraordinary and Compelling Reasons**

Defendant asserts that his medical condition of end stage renal disease is an extraordinary and compelling reason warranting compassionate release. In determining whether a defendant presents an extraordinary and compelling reason warranting a sentence reduction, the Court considers whether the reduction is "consistent with applicable policy statements issued by the

---

[5] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[6] *McGee*, 992 F.3d at 1043 (citation omitted).

[7] Administrative exhaustion is a claim-processing rule, and it can be waived if not asserted by the government. *See Hemmelgarn*, 15 F.4th at 1031.

Sentencing Commission."[8]  On November 1, 2023, the Sentencing Commission issued new sentencing guidelines, including a policy statement, which is now included within the text of the guidelines.[9] Some of the circumstances that may be relevant when deciding if a defendant presents an extraordinary and compelling reason for a sentence reduction include: (1) the medical circumstances of the defendant; (2) the age of the defendant and a serious deterioration in health; (3) the family circumstances of the defendant; (4) the defendant was the victim of sexual or physical abuse while incarcerated by or at the direction of an employee of the correctional facility; and (5) any other circumstances or combination of circumstances that are similar in gravity to the first four circumstances.[10]  In addition, an unusually long sentence may be a consideration but only if there has been a change in the law, the defendant has served at least ten years of the unusually long sentence, and the change in law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[11]

Here, Defendant asserts that he suffers from "end-stage renal failure, heart defibulator (sic) vein stenosis, and eye injections."  The Sentencing Guidelines set forth that an extraordinary and compelling reason may include a defendant's medical circumstances.  Some circumstances that may be relevant include that "[t]he defendant is suffering from a terminal illness" such as "end-stage organ disease."[12]  "A specific prognosis of life expectancy (i.e., a probability of death within

---

[8] 18 U.S.C. § 3582(c)(1); *see also McGee*, 992 F.3d at 1042.

[9] *See* U.S.S.G. § 1B1.13.

[10] *Id*. § (b)(1)-(5).

[11] *Id*. § (b)(6).

[12] *Id.* § (b)(1)(A).

a specific time period) is not required."[13]  In addition, the Court may consider whether the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[14]

Defendant's medical records support his assertions as to his medical conditions.[15] Specifically, as to his heart condition, the records indicate that a recent test on November 13, 2023, demonstrated a new finding/irregularity that required a consult with a cardiologist.  The medical records also demonstrate that Defendant receives kidney dialysis twice a week.  Accordingly, Defendant's medical records show that Defendant is suffering from several serious medical conditions.

The government contends that although Defendant has a medical diagnosis, it does not meet the criteria to qualify as terminal with a life expectancy of less than 18 months.  Yet, § 1B1.13(b) states that a "specific prognosis of life expectancy" is not required to demonstrate an extraordinary or compelling reason under § 1B1.13(b).  In addition, Defendant's end-stage renal disease specifically qualifies as an extraordinary and compelling reason under § 1B1.13(b) which provides that end-stage organ disease may qualify as a terminal illness.  Accordingly, the Court finds that Defendant's medical conditions fall within the extraordinary and compelling reasons set forth in § 1B1.13(b).

---

[13] *Id.*

[14] *Id.* at § (b)(1)(B).

[15] Defendant's medical records consist of 890 pages.

C.    **Section 3553(a) Factors**

The Court must next consider the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[16]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[17]

Defendant pleaded guilty, pursuant to Fed. R. Civ. P. 11(c)(1)(C), to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1).  He requested that the Court sentence him between 24 and 37 months.  The Court imposed a 37-month sentence.

The government states that the § 3553 factors weigh against release.  Specifically, the government contends that Defendant was held accountable for distributing 496.13 grams of cocaine, and he has a consistent history of criminal behavior.  In addition, the government asserts that his release would result in a 15-month reduction in sentence.[18]  The government concedes, however, that Defendant is not likely a danger to the community upon release.

The Court recognizes that Defendant pleaded guilty to a serious crime, and it was his second federal conviction involving controlled substances.  Defendant's first federal offense (use of a communication device in the distribution of cocaine), however, occurred in 2004—15 years before the instant offense.  In addition, some of the crimes to which the government cites as

---

[16] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[17] 18 U.S.C. § 3553(a).

[18] At this point, it would result in a one-year reduction in sentence as the government's response was filed in December 2023.

Defendant's criminal history occurred 40 years prior to the instant offense. To be sure, Defendant does have a pattern of criminal conduct, but the Court finds that some of the offenses are relatively minor infractions and occurred over a span of 40 years. And, as conceded by the government, Defendant is not likely a danger to the community upon release.

Defendant states that he has completed numerous programs in prison and that his behavior in prison is indicative of post-sentencing rehabilitation. He attached a document to his motion that shows some education courses. Defendant proceeds pro se, and the document he attached is dated February 27, 2023. The Court is therefore unaware of what courses Defendant has taken since that time. He also attached a document that states he plans to live with his wife at a residence in Wichita. Prior to the issuance date of this Order, the Court will require the United States Probation Office to verify Defendant's release plan.

In sum, although a close call, based on Defendant's medical conditions and the § 3553 factors, the Court finds that a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, afford adequate deterrence, and protect the public.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 994) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 29th day of February, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE